IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA T. LOLMAUGH,

      Plaintiff,                        No. CIV.S. 07-2187 GEB GGH PS

    vs.

R.M. BENNET, et al.,               ORDER AND FINDINGS AND

      Defendants.               RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1  A claim is frivolous if it has no arguable basis in law or fact. <u>Neitzke v. Williams</u>,
2  490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984); <u>Jackson
3  v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989).

4  A complaint, or portion thereof, fails to state a claim if it appears beyond doubt
5  there is no set of supporting facts entitling plaintiff to relief. <u>Hishon v. King & Spalding</u>, 467
6  U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt
7  Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
8  this standard, the court must accept as true its allegations, <u>Hospital Bldg. Co. v. Rex Hosp.
9  Trustees</u>, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and
10 resolve all doubts in plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 ( 1969).

11 Pro se pleadings are liberally construed. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519,
12 520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th
13 Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
14 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
15 dismissal. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

16 Plaintiff alleges that he was storing a vehicle and personal property in a garage he
17 rented, and that defendants property owner and property management company, disposed of this
18 property without providing him with the opportunity to move it first. His causes of action are for
19 breach of contract and intentional infliction of emotional distress. He seeks monetary damages.

20 The court has been unable to determine a jurisdictional basis for this action. A
21 federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by
22 the Constitution and by Congress. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co</u>, 511 U.S. 375, 377,
23 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the
24 United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may
25 from time to time ordain and establish." Congress therefore confers jurisdiction upon federal
26 district courts, as limited by U.S. Const. Art. III, § 2. <u>See</u> <u>Ankenbrandt v. Richards</u>, 504 U.S.

1  689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at
2  any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products,
3  Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).
4         The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
5  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
6  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
7  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
8  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
9  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
10 to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
11 Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).
12        The complaint makes no reference to federal law and is not based on diversity
13 jurisdiction, but raises only state law claims of breach of contract and intentional infliction of
14 emotional distress.  Because amendment would not cure the jurisdictional defect based on the set
15 of facts presented by plaintiff, plaintiff will not be given the opportunity to amend his complaint.
16        Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma
17 pauperis is granted.
18        For the reasons stated herein, IT IS RECOMMENDED that this action be
19 dismissed with prejudice for lack of subject matter jurisdiction.
20        These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
22 twenty days after being served with these findings and recommendations, plaintiff may file
23 written objections with the court.  The document should be captioned "Objections to Magistrate
24 \\\\\
25 \\\\\
26 \\\\\

1 | Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
2 | within the specified time may waive the right to appeal the District Court's order.
3 | DATED: 03/27/08

/s/ Gregory G. Hollows

———————————————————
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Lolmaugh2187.fr.wpd